UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation,<br><br>        Petitioner,<br><br>  v.<br><br>AROBO TRADE INC., a/k/a AUMAX DIRECT, a Delaware corporation,<br><br>        Respondent. | No.: _____<br><br>AMAZON.COM, INC.'S PETITION TO CONFIRM ARBITRATION AWARD<br><br>NOTE ON MOTION CALENDAR:<br><br>JUNE 9, 2017 |

Petitioner Amazon.com, Inc. ("Amazon" or "Petitioner"), by and through its attorneys, K&L Gates LLP, for its Petition to Confirm Arbitration Award against Respondent Arobo Trade, Inc., also known as Aumax Direct ("Arobo" or "Respondent"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an unfair competition/false advertising action involving violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), as well as violation of the Washington Consumer Protection Act, RCW 19.86.020, which similarly prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Respondent, as a registered Amazon seller, has engaged in an extensive and concerted effort to mislead Amazon's customers and to manipulate customer reviews for its products.

PETITION TO CONFIRM ARBITRATION
AWARD - 1
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2. Petitioner seeks an order from this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, confirming the American Arbitration Association arbitration award dated April 28, 2017, rendered in an arbitration before Hon. George A. Finkle, Ret., and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## THE PARTIES

3. Amazon is, and at all times herein mentioned was, a Delaware corporation with its principal place of business in Seattle, Washington.

4. Each day, millions of consumers use Amazon's website to assist with their purchasing decisions. In order to make those decisions more informed, Amazon provides customer reviews of products and services available on Amazon.com. Amazon pioneered customer reviews 20 years ago and is now home to hundreds of millions of unique reviews. Reviews provide a forum for sharing authentic feedback about products and services—positive or negative. Amazon does not remove reviews because they are critical of products; Amazon believes all helpful information can inform its customers' buying decisions. Whether positive, negative, or anywhere in between, Amazon takes the credibility of its customer reviews very seriously.

5. A very small minority of people selling products through Amazon.com attempt to gain an unfair competitive advantage by creating false, misleading, and inauthentic customer reviews for their products on Amazon.com. While small in number, these reviews threaten to undermine the trust that customers, and the vast majority of sellers and manufacturers, place in Amazon, thereby tarnishing Amazon's brand. Amazon strictly prohibits any attempt to manipulate customer reviews and actively polices its website to remove false, misleading, and inauthentic reviews. Despite substantial efforts to stamp out the practice, a small number of bad actors continues to use inauthentic reviews to try to boost their sales.

PETITION TO CONFIRM ARBITRATION
AWARD - 2
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

6. Respondent Arobo Trade, Inc. is a Delaware corporation with a registered agent in Laurel, Delaware. Respondent is the owner and operator of, and is responsible for the actions of the Amazon seller using seller name "Arobo Trade Inc/Aumax Direct." Through the Arobo storefront, Respondent offered for sale a variety of items, primarily electronic goods.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this Petition pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, as this is a civil action arising under the Trademark Laws of the United States. This Court also has supplemental jurisdiction over the underlying state law claim pursuant to 28 U.S.C. § 1367 as it is sufficiently related, stemming from the same underlying acts, to form part of the same case or controversy. This Court also has original jurisdiction over this matter pursuant to the 28 U.S.C. § 1332, due to the diversity in the citizenship of the parties.

8. Court has personal jurisdiction over Respondent pursuant to 9 U.S.C. § 9, as the Award was made in Seattle, Washington, and because Respondent will be duly notified and served with this action to establish the Court's jurisdiction over Respondent, a non-resident.

9. Venue is proper under 28 U.S.C. §1391(b)(2) and 9 U.S.C. § 204 because the Award giving rise to this Petition was ordered in Seattle, Washington.

## FACTS

10. The Amazon Services Business Solutions Agreement (the "Agreement") contains a mandatory arbitration clause in Section 18, and the Agreement is governed by American Arbitration Association ("AAA") rules. Declaration of Raina V. Wagner ("Wagner Decl."), Ex 1. In or around August 2014, Respondent agreed to be bound by the Agreement

PETITION TO CONFIRM ARBITRATION
AWARD - 3
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

when he registered as an Amazon.com seller. AAA Rule R-52(c) provides a basis for enforcement of any arbitration award in this district:

> *Parties to arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.*

11. The Honorable George A. Finkle. Ret., served as the arbitrator in AAA Case No. 01-16-0004-6590, *Amazon.com, Inc. v. Arobo Trade Inc.* (the "Arbitration Proceeding") and his appointment was later confirmed in a subsequent letter. Wagner Decl., Ex. 2.

12. On April 28, 2017, the Hon. George A Finkle, Ret., issued a Final Award in the Arbitration Proceeding (the "Award"). Wagner Decl., Ex. 3.

13. Amazon sent a letter to AAA confirming costs paid by Amazon in the Arbitration Proceeding. Wagner Decl., Ex. 4.

14. The Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

15. Pursuant to 9 U.S.C. § 9, Petitioner has brought this action within one year of the Award made on April 28, 2017.

## COUNT ONE

### (Confirmation of Arbitration Award)

16. Petitioner repeats and realleges paragraphs 1 through 15 as if fully set forth within.

17. In or around August 2014, Respondent registered as an Amazon seller, using seller name "Arobo Trade INC/Aumax Direct."

18. Respondent agreed to abide by the Agreement, including Amazon's Seller Policies and Guidelines, established to maintain a marketplace that is safe for Amazon's customers and fair to sellers.

PETITION TO CONFIRM ARBITRATION
AWARD - 4
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

19. Respondent has engaged in an extensive and concerted effort to mislead Amazon's customers and to manipulate customer reviews for his products. Respondent has created or caused to be created fake reviews for its product. Many such reviews were posted by accounts that purchased the product from Respondent, or relate to products for which Respondent is the brand owner. On products with abuse linked to Respondent, 1,627 out of 3,058 reviews were abusive (53%).

20. On April 22, 2016, Petitioner warned Respondent to discontinue the above-described actions, but it did not.

21. At all times, Respondent knew that Amazon's policies prohibited both paid reviews and fictional reviews, and knew and intended that his activities would lead to an increase in sales at the expense of Amazon's customers. During the period from October 25, 2015 through October 25, 2016, Respondent generated total sales on products linked to abusive reviews of $531,773.24.

22. On October 25, 2016, Amazon initiated the Arbitration Proceeding by filing a Demand for Arbitration with the American Arbitration Association.

23. Respondent failed to respond to Petitioner's claims. On January 23, 2017, Hon. George A. Finkle, Ret., was appointed as the arbitrator.

24. The arbitration hearing took place on April 26, 2017, and on April 28, 2017, Judge Finkle issued the Award, wherein he found Respondent liable to Petitioner for $531,733.24 in Lanham Act damages and also awarded Petitioner $7,500 in attorney's fees and $14,825 in costs.

25. The Award also enjoins Respondent, its officers, agents, representatives, servants, employees, attorneys, successors, and assigns, and all others in active concert or participation with Arobo Trade, Inc., from: (a) selling products on any of Amazon's websites; (b) opening any Amazon account; (c) accessing Amazon's services in any manner

PETITION TO CONFIRM ARBITRATION
AWARD - 5
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

whatsoever; and (d) assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in (a) – (c).

26. Respondent has not sought to vacate, modify, or challenge the Award.

27. Petitioner is entitled to confirmation of the Award, along with entry of Judgment in conformity with the Award.

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Award, attached as **Exhibit 3** to the Wagner Declaration, issued by Hon. Georg A. Finkle, Ret., on April 28, 2017;

2. Enter Judgment in favor or Petitioner Amazon against Respondent Arobo for the sum of $531,733.24 in Lanham Act damages in accordance with the Award;

3. Award Petitioner attorneys' fees of $7,500 in accordance with the Award;

4. Award Petitioner costs of $14,825, as demonstrated by **Exhibit 4** to Wagner Declaration, in accordance with the Award;

5. Issue an Order enjoining Respondent, its officers, agents, representatives, servants, employees, attorneys, successors or assigns from:

    (a) selling products on any of Amazon's websites;

    (b) opening any Amazon account;

    (c) accessing Amazon's services in any manner whatsoever; and

    (d) assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) - (c); and

6. For such other and further relief as the Court deems proper.

PETITION TO CONFIRM ARBITRATION
AWARD - 6
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED this 24th day of May, 2017.

                    K&L GATES LLP

                    By   s/ David A. Bateman
                        David A. Bateman, WSBA # 14262
                        Raina V. Wagner, WSBA # 45701
                    925 Fourth Ave., Suite 2900
                    Seattle, WA 98104
                    (206) 623-7580
                    david.bateman@klgates.com
                    raina.wagner@klgates.com

                    Attorneys for Petitioner Amazon.com, Inc.

PETITION TO CONFIRM ARBITRATION
AWARD - 7
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and hand delivered to the following:

>Xianfeng Xu
>14604 Katelyn Ct.
>Laurel, Delaware 19956

s/ David A. Bateman<br>
David A. Bateman

PETITION TO CONFIRM ARBITRATION
AWARD - 8
Case No. _____
500408838 v1 2040741.00459

925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022