# EXHIBIT 3

```
                AMERICAN ARBITRATION ASSOCIATION
                 COMMERCIAL ARBITRATION TRIBUNAL
```

AMAZON.COM, INC.,
a Delaware corporation,          No. 01-16-0004-6590

    Claimant,
            FINAL AWARD
 v.

AROBO TRADE, INC., a/ka/ AUMAX
CORP., a/k/a AUMAX DIRECT,

    Respondent.

I, the undersigned arbitrator, having been designated in accordance with the arbitration agreement entered into between the above-named parties, Paragraph 18 of the Amazon Services Business Solutions Agreement ("Agreement"), Ex. 1 to the April 18, 2017, Declaration of Jordan Crowell; having duly heard the proofs and allegations of the Claimant Amazon.com, Inc. ("Amazon") at a hearing beginning at 10 AM on April 26, 2017, at my offices, Judicial Dispute Resolution, 1425 4th Avenue, Suite 300, Seattle, Washington 98101; and the Respondent having failed to appear in person or by telephone, after due notice by mail in accordance with the Rules of the American Arbitration Association, as well as by email, hereby Award as follows.

I have considered the Agreement; Amazon's "Prohibited Seller Activities and Actions," Ex. 2 to Mr. Crowell's Declaration; Mr. Crowell's Declaration; Mr. Crowell's telephonic sworn testimony on April 26, 2017; Amazon's Pre-Hearing Memorandum,

FINAL AWARD
Page 1

dated April 19, 2017; the representation of Amazon's counsel, Raina V. Wagner, Attorney at Law, that Amazon incurred more than $7,500 in K&L Gates attorney fees on this case; and Ms. Wagner's argument.

***Discussion.***

In or around August 2014, Respondent registered as an Amazon seller, using seller name "Arobo Trade Inc/Aumax Direct" (hereinafter "Arobo"). Through Arobo's Amazon storefront, Arobo offered for sale a variety of items, primarily electronics.

When Arobo became an Amazon seller, it agreed to abide by the Agreement and by Amazon's Prohibited Seller Activities and Actions, which were established to maintain a marketplace that is safe for Amazon's customers and fair to sellers. The United States was Arobo's "Elected Country" for purposes of the Agreement.

Each unique product sold on Amazon is assigned an alphanumeric Amazon Standard Identification Number ("ASIN"). Amazon's review of sales of 17 Arobo ASINs for a 12-month period October 2015 to October 2016 found that Arobo had engaged in an extensive and concerted effort to mislead Amazon's customers and to manipulate customer reviews for its products by creating, or causing to be created, fake ("abusive") 5-star positive reviews--the highest possible rating. Of 3,058 reviews of the 17 Arobo ASINs, 1,627 were abusive (53%).

On April 22, 2016, Amazon warned Arobo to discontinue the above-described actions, but it did not.

FINAL AWARD
Page 2

Arobo received $531,773.24 for sales during the 12-month period October 2015 to October 2016 of the 17 ASINs for which abusive reviews were posted.

*Lanham Act.*

Through his above-described actions, Arobo violated Sec. 43 of the Lanham Act, 15 U.S.C. Sec.1125(a) (Unfair Competition/False Advertising) by using in commerce false or misleading descriptions and representations of fact; which deceived or had the capacity to deceive a substantial segment of potential consumers; the deception was likely to influence the consumers' purchasing decision; the products were in interstate commerce; and Amazon was damaged in its reputation and other business interests by such acts. *See Wells Fargo v. ADB Insurance,* 758 F.3d 1069, 1071 (9th Cir. 2014) (citations omitted).

Remedies for violation of this provision of the Lanham Act include injunctive relief and damages, measured by the defendant's profits, damages sustained by the plaintiff, and costs of the action. In assessing profits, the plaintiff is only required to prove defendant's sales; the defendant must prove all elements of cost or deduction claimed. 15 U.S.C. Sec. 1117(a).

Because it is essential that trial courts carefully fashion remedies that take all economic incentive out of violations, they must fully implement the remedial provisions of Sec. 1117(a). *Playboy Enterprises, Inc. v. Baccarat Clothing Co.,* 692 F.2d 1272, 1275-76 (9th Cir. 1982). Ultimately, however, monetary relief is subject to the principles of equity; no hard and fast rules dictate the form or quantum of relief. *Burger*

FINAL AWARD
Page 3

*King Corp. v. Mason,* 855 F.2d 779, 783 (11th Cir. 1989); *Maier Brewing Co. v. Fleischmann Distilling Corp.,* 390 F.2d 117, 120-21 (9th Cir. 1968), *cert. denied,* 391 U.S. 966 (1968).

Arobo did not prove any cost or deduction from gross sales, as required by 15 U.S.C. Sec. 1117(a). Subtracting any amount from sales based on equitable principles would be arbitrary—I have no basis to assume that the cost of goods sold or other sales-related expenses represented 10%, 90%, or any other specific share of sales.

Amazon is entitled to an award of $531,773.24 in Lanham Act damages.

Amazon is also entitled to injunctive relief and to a reasonable attorney fees of $7,500, and to its other costs.

*Consumer Protection Act.*

Arobo's actions also violated the Washington Consumer Protection Act ("CPA"), RCW 19.86.020, which prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce: its acts were unfair and deceptive; such acts were in trade or commerce; such acts affected the public interest; Amazon suffered reputational and other damages in its business; and there is a causal connection between the unfair or deceptive acts and Amazon's injury. *See Klem v. Washington Mutual Bank,* 176 Wn.2d 771, 782 (2013).

Amazon is entitled under the CPA to its reasonable attorney fees of $7,500, and to its costs, which include the Arbitrator's fees and AAA administrative fees and expenses. *Id.*

FINAL AWARD
Page 4

*Award.*

Arobo Trade, Inc., and its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Arobo Trade, Inc., are enjoined from a) selling products on any of Amazon's websites; b) opening any Amazon account; c) accessing Amazon's services in any manner whatsoever; and d) assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs a) - c) of this paragraph.

Amazon is awarded $531,773.24 in Lanham Act damages.

Amazon is awarded $7,500 in attorney fees, under the Lanham Act and the CPA.

The administrative fees and expenses of the American Arbitration Association totaling $11,200.00 and the compensation and expenses of the arbitrator totaling $3,625.00 shall be borne by Arobo Trade, Inc., a/k/a Aumax Corp., a/k/a Aumax Direct. Therefore, Arobo Trade, Inc., a/k/a Aumax Corp., a/k/a Aumax Direct shall pay Amazon.com, Inc., the amount of $14,825.00, upon demonstration by Amazon.com, Inc., that such incurred costs have been paid.

This Final Award is in full settlement of all claims submitted in this Arbitration. All claims not expressly granted herein are hereby denied.

Dated: April 28, 2017                    _____
                                          George A. Pinkle, Arbitrator

FINAL AWARD
Page 5