UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., <br><br> Petitioner, <br><br> v. <br><br> AROBO TRADE, INC., <br><br> Respondent. | CASE NO. C17-0804JLR <br><br> ORDER DIRECTING SUPPLEMENTAL BRIEFING |

Before the court is Petitioner Amazon.com, Inc.'s petition to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (Pet. (Dkt. # 1).) Respondent Arobo Trade, Inc., failed to respond to the petition. (*See* Dkt.) For the following reasons, the court DIRECTS Amazon to provide further briefing on whether it has complied with the service requirements of 9 U.S.C. § 9.

The FAA allows the prevailing party in certain arbitration proceedings to apply to a federal district court to reduce the arbitration award to judgment. 9 U.S.C. § 9. Before the court enters judgment, however, the FAA requires the petitioner to satisfy certain

ORDER - 1

prerequisites. *See id.* In order to establish the court's jurisdiction over the adverse party, the FAA requires notice of the application to be served on that party. *Id.* The proper form of service varies depending on whether the adverse party is a resident of the district in which the award was made:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

*Id.*

"[T]here is scant caselaw interpreting the FAA's § 9 service requirement." *Hancor, Inc. v. R & R Eng'g Prods., Inc.*, 381 F. Supp. 2d 12, 15 (D.P.R. 2005). To the extent caselaw exists, "district courts around the country are applying Section 9's service requirement inconsistently." *Logan & Kanawha Coal Co. v. Detherage Coal Sales, LLC*, 789 F. Supp. 2d 716, 718 (S.D.W. Va. 2011). Although some district courts have strictly interpreted Section 9 of the FAA to require service by the United States Marshal, others have found the requirement anachronistic and permitted some flexibility in the method of service. *See id.* at 718-20 (collecting cases); *see also id.* at 722 ("[S]ervice on a nonresident, as authorized by Section 9, is proper and should be effected by the U.S. Marshals Service.").

Amazon acknowledges that Arobo is a nonresident. (Pet. ¶ 8.) However, Amazon served process on Arobo's registered agent via special process server—not the United States Marshal. (Cert. of Serv. (Dkt. # 5) at 2, 4.) Amazon omits from its petition any

discussion of whether and on what basis service by a special process server comports with Section 9's service requirement for a nonresident adverse party. (*See generally* Pet.); *see also* 9 U.S.C. § 9. Accordingly, the court DEFERS ruling on Amazon's petition (Dkt. # 1) and DIRECTS Amazon to submit supplemental briefing on whether the service it effectuated comports with 9 U.S.C. § 9.[1] Amazon's supplemental brief shall not exceed four (4) pages and must be filed no later than Thursday, August 3, 2017.

Dated this 26th day of July, 2017.

JAMES L. ROBART
United States District Judge

---

[1] In the alternative, Amazon may submit a motion for service by the United States Marshal.