The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., <br><br> Petitioner, <br><br> v. <br><br> AROBO TRADE INC., <br><br> Respondent. | CASE NO. C17-0804JLR <br><br> PETITIONER AMAZON.COM, INC.'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JULY 26, 2017 ORDER AND, IN ALTERNATIVE, MOTION FOR ORDER DIRECTING SERVICE BY THE U.S. MARSHAL |

Petitioner Amazon.com, Inc. ("Amazon") hereby submits this supplemental brief in response to the Court's July 26, 2017 Order ("Order") directing additional briefing on whether service by a marshal is mandatory for a proceeding to confirm an arbitration award against a nonresident defendant under 9 U.S.C. § 9 ("Section 9"). Amazon respectfully submits that persuasive authority strongly supports the view that service by a marshal is not mandatory, but is rather merely an alternative to service under the Federal Rules. As such, Amazon has properly complied with its service obligations and service by marshal is not required.

Although no controlling authority on the question of marshal service has been found, the U.S. Supreme Court has construed the venue provisions of the Federal Arbitration Act ("FAA") and adopted a "permissive" reading, not a "restrictive" one. Cortez Byrd Chips, Inc.

PETITIONER'S SUPPLEMENTAL BRIEF - 1
Case No. C17-0804JLR
500523682 v2 2040741.00459

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  v. Bill Harbert Const. Co., 529 U.S. 193, 195 (2000); 9 U.S.C. §§ 9-11.  The rationale for this

2  permissive reading applies to service of process under Section 9 as well.  See generally id.

3  Specifically, the Court noted that "[w]hen the FAA was enacted in 1925, it appeared against

4  the backdrop of a considerably more restrictive general venue statute than the one current

5  today."  Id. at 199.  The 1925 venue statute had the "practical effect" of limiting most civil

6  suits to where a defendant resided.  Id.  Likewise, the FAA was enacted before the

7  establishment of the Federal Rules and before service of process "had evolved from a rigid,

8  territorial standard under Pennoyer to a much more flexible approach under International

9  Shoe."  John M. Murphy III, From Snail Mail to E-Mail: The Steady Evolution of Service of

10 Process, 19 J. Civ. Rts. & Econ. Dev. 73, 79-80 (2004).  In 1925, service of nonresident

11 defendants was difficult because "personal jurisdiction was best established by serving

12 process on a party *within* the territorial borders of a forum."  Id. at 80 (emphasis added).

13 The FAA liberalized these procedural rules for arbitration to advance the policy of

14 "rapid and unobstructed enforcement of arbitration agreements."  Cortez, 529 U.S. at 201.

15 Section 9 is an "obviously liberalizing venue provision of the Act" intended to give litigants

16 more venue and service options.  See id. at 200.  Just as a restrictive view of the FAA's venue

17 provisions would place them "in needless tension" with the rest of the FAA, id. at 201, a

18 restrictive view of Section 9's service provisions would place them in needless tension with

19 the rest of Section 9 itself.  Read in context, service by marshals is permissive, not mandatory.

20 The text of Section 9 supports this liberalizing view.  Section 9 states that

21 "nonresident[s]" shall be served "in like manner as other process of the court."  Other district

22 courts have construed the phrase "like manner" to be a reference to Federal Rule 4.

23 VentureForth Holdings LLC v. Joseph, 80 F. Supp. 3d 147, 148 (D.D.C. 2015); In re

24 Lauritzen Kosan Tankers, 903 F. Supp. 635, 637 (S.D.N.Y. 1995) ("The phrase 'in like

25 manner as other process of the court' included in the FAA refers to Rule 4 of the Federal

26 Rules of Civil Procedure.").  Thus, the "fact that [some] Plaintiffs served their papers by mail

PETITIONER'S SUPPLEMENTAL BRIEF - 2
Case No. C17-0804JLR
500523682 v2 2040741.00459

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

rather than by a U.S. Marshal is also of no consequence." Collins v. D.R. Horton, Inc., 361 F. Supp. 2d 1085, 1092 (D. Ariz. 2005). The same is true of process servers as used here by Amazon.

Furthermore, Section 9 indicates its purpose was to obtain a general appearance of the adverse party. Compliance with its provisions gives a court "jurisdiction of such [an adverse] party *as though he had appeared generally in the proceeding*." 9 U.S.C. § 9 (emphasis added). If by other means—namely service of process under Rule 4 and otherwise proper personal jurisdiction—the adverse party is properly before the court, resort to the strictures of Section 9's service by marshal is no longer necessary. It would be redundant.

For example, in one case, a New Jersey resident had filed a lawsuit against her New York employer in the Eastern District of New York and the employer later moved, in this same lawsuit, to confirm an arbitration award against her. Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 701 (2d Cir. 1985). On appeal, she "contend[ed] that she should have been personally served by a marshal" because she was a nonresident. Id. at 707. The Second Circuit held that she "waived the provision regarding service by a marshal" because she was "already before the court by virtue of her Title VII claim." Id. Where service is otherwise properly made or unnecessary, resort to Section 9's procedures is not required.

To be sure, the word "shall" is usually read as mandatory. But in Section 9, the language should be understood as an outline for a procedure for service on nonresidents, not to mandate that procedure. Section 9 states that a "nonresident […] shall be served by the marshal," 9 U.S.C. § 9, but throughout Section 9, "shall" appears in non-command forms. For example, Congress also used the word "shall" to identify options for a litigant, stating that "[i]f the parties in their agreement have agreed that a judgment […] *shall* be entered upon the award made pursuant to the arbitration, and *shall* specify the court," then an award may be confirmed in that court. Id. (emphasis added). Neither use indicates a mandatory procedure. The first use of the word "shall" indicates a permissible, but *optional*, contractual provision

PETITIONER'S SUPPLEMENTAL BRIEF - 3
Case No. C17-0804JLR
500523682 v2 2040741.00459

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

agreeing how to enforce an award. Despite the presence of "shall," no reader would take this option to mean that one party *must* confirm its arbitration award. Similarly, the second use of "shall" specifies the permissible option to pick a court for enforcement of an award but by no means requires the parties to pre-select a court when they contract.

Indeed, the phrase "shall be served" in Section 9 was likely Congress's way to put the liberalized venue and service provisions beyond the discretion of courts hostile to arbitration. See generally 9 U.S.C. § 4 (detailing non-discretionary procedures for courts using "shall"). The FAA was enacted in the face of "courts' general inhospitality to forum selection clauses," Cortez, 529 U.S. at 200, and outright hostility toward arbitration. Thus, although courts might be expected to order service by a marshal upon the behest of a litigant for the then-radical concept of service beyond a court's territory, a litigant is not required to avail itself of this option for service after Rule 4 provided new routes to the same end.

Certain courts have reasoned that the "plain language of" Section 9 renders service by marshal mandatory. See, e.g., Logan & Kanawha Coal Co., LLC v. Detherage Coal Sales, LLC, 789 F. Supp. 2d 716, 722 (S.D.W. Va. 2011). "Enlightenment will not come merely from parsing the language" of Section 9 out of context, however. Cortez, 529 U.S. at 198. Instead, context regarding the usage of the word "shall" and the liberalizing direction of the FAA clarifies that Congress afforded those with arbitration awards a new avenue for service of process, not a new procedural burden. Indeed, the phrase "like process" in the FAA seems to anticipate the later importance of Rule 4. Thus, Amazon submits that its compliance with Rule 4, service via process server, has fulfilled its service obligations.

In the event, however, that the Court concludes service of process by a federal marshal is required, Amazon, in the alternative, hereby moves for an order directing service of process by U.S. Marshal on respondent, as the Court mentioned in the footnote of its Order.

PETITIONER'S SUPPLEMENTAL BRIEF - 4
Case No. C17-0804JLR
500523682 v2 2040741.00459

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 | DATED this 3rd day of August, 2017.

K&L GATES LLP

By  /s/ David A. Bateman
    David A. Bateman, WSBA # 14262
    Raina V. Wagner, WSBA # 45701
    925 Fourth Ave., Suite 2900
    Seattle, WA 98104
    (206) 623-7580
    david.bateman@klgates.com
    raina.wagner@klgates.com

Attorneys for Petitioner Amazon.com, Inc.

PETITIONER'S SUPPLEMENTAL BRIEF - 5
Case No. C17-0804JLR
500523682 v2 2040741.00459

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022